WALLACH, Circuit Judge,
dissenting.
“[H]ard cases[ ] make bad law.” N. Sec. Co. v. United States, 193 U.S. 197, 364, 24 S.Ct. 436, 48 L.Ed. 679 (1904) (Holmes, J., dissenting). So do bad facts. Haig v. Agee, 453 U.S. 280, 319, 101 S.Ct. 2766, 69 L.Ed.2d 640 (1981) (Brennan, J., dissenting) (“ ‘[B]ad facts make bad law.’ ”). In this appeal, the majority chooses humanity over unarguable fact and settled authority. The concern for humanistic values is admirable, but it is not the law which binds us. Accordingly, I respectfully dissent.
I.
This appeal concerns Jack Sucic’s claim for an earlier effective date for the grant of service connection for post-traumatic stress disordér (“PTSD”). The majority holds that the United States Department of Veterans Affairs (“VA”) “committed procedural error by failing to take action on [Mr. Sucic’s PTSD] claim that was referred to it” by the Board of Veterans’ Appeals (“Board”) in 1995. Maj. Op. at 904.
The majority’s conclusion suffers from two critical defects. First, the majority predicates its holding on a fact that the record does not support — i.e., that a pending claim existed for the VA to resolve. The Board held, and the United States Court of Appeals for Veterans Claims (“Veterans Court”) affirmed, that the Board’s referral alone did not transform Mr. Sucic’s PTSD matter into a pending claim;[1] rather, in the absence of new material evidence submitted by Mr. Sucic pursuant to 38 U.S.C. § 5108 (2012),[2] the Board found that the VA had no duty to act on the referral. See J.A. 75-76 (Board’s decision); see also J.A. 4-5 (Veterans' Court’s decision). We have no occasion to revisit that determination, which involves the application of law to the facts *907 of the case. 38 U.S.C. § 7292(d)(2) (“Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.”); see Comer v. Peake, 552 F.3d 1362, 1372 (Fed.Cir.2009) (“Whether a veteran has raised a particular claim is a factual determination, outside the purview of our appellate authority.” (citations omitted)); Ellington v. Peake, 541 F.3d 1364, 1371 (Fed. Cir.2008) (“[T]he interpretation of the contents of a claim for benefits [is] a factual issue over which we d[o] not have jurisdiction.” (citation omitted)).
Second, the majority’s conclusion disregards the presumption of regularity that attaches to veterans proceedings. “The presumption of regularity supports official acts of public officers. In the absence of clear evidence to the contrary, the doctrine presumes that public officers have properly discharged their official duties.” Butler v. Principi, 244 F.3d 1337, 1340 (Fed.Cir. 2001) (internal quotation marks and citations omitted). As the Board properly found, even if the passage in its 1995 decision that referred the PTSD matter to the' VA “created some kind of duty,” the “presumption of regularity” attached such that the Board could “assume that the [VA] reviewed the issue, determined that there was no claim and, therefore, had no action to take.” J.A. 76. That conclusion seems particularly sound in the absence of any evidence to the contrary from Mr. Sucic.
The majority’s substitution of its own factual findings in place of the Board’s will have significant consequences. For example, the majority’s holding transforms the Board’s referral of Mr. Sucic’s PTSD matter into an informal claim.[3] In so doing, the majority has created an unknown class of claims that promises a log jam at the VA. Our servicemen and women who “risked both life and liberty in their military service to this country” deserve a system that expeditiously resolves their claims, not one encumbered by rules created through judicial fiat. Sneed v. Shinseki, 737 F.3d 719, 728 (Fed.Cir.2013),
II.
The majority also finds that the Veterans Court erred in its interpretation of 38 C.F.R. § 19.9 (1995). Maj. Op. 904-06 Our precedent requires a different conclusion.
Mr. Sucic generally contends that the Veterans Court erred in its interpretation of 38 C.F.R. § 19.9 (1995) by finding that the regulation governs Board' remands only; instead, he argues that the regulation also applies to referrals. Appellant’s *908 Br. 5-11; In so doing, he does not address the regulation’s text and attempts to elevate other sources above the provision’s express terms. See id. That approach ignores the framework under which we must interpret regulations.
In construing a regulation, we first consider “its plain language” and “terms in accordance with their common meaning.” Lockheed Corp. v. Widnall, 113 F.3d 1225, 1227 (Fed.Cir.1997) (citations omitted). “In doing so, the court considers ‘the text of the regulation as a whole, reconciling the section in question with sections related to it.’” Mass. Mut. Life Ins. Co. v. United States, 782 F.3d 1354, 1365 (Fed. Cir.2015) (quoting Lengerich v. Dep’t of the Interior, 454 F.3d 1367, 1370 (Fed.Cir. 2006)). If the regulation contains “clear and unambiguous” terms, “then no further inquiry is usually required.” Id. (citing Roberto v. Dep’t of the Navy, 440 F.3d 1341, 1350 (Fed.Cir.2006)).
Mr. Sucic’s preferred interpretation finds no support in the clear and unambiguous terms of 38 C.F.R. § 19.9 (1995). Titled “Remand for further development,” the regulation states in relevant part that under certain circumstances “the Board shall remand the case to the ... [VA], specifying the action to be undertaken.” 38 C.F.R. § 19.9 (1995) (emphasis added). The title and the text of the regulation confirm that it addresses remands only. See id. The regulation does not mention referrals, still less does it address the obligations placed upon the VA if the Board makes a referral. We would have to rewrite the regulation to find that its terms address referrals. As judges, we may not legislate or regulate. See, e.g., Rotec Indus., Inc. v. Mitsubishi Corp., 215 F.3d 1246, 1258 (Fed.Cir.2000) (“ ‘This Court is empowered to rewrite neither statutes nor regulations, however unwise, nor does it have the information base nor expertise to do so effectively.’ ” (quoting Newport News Shipbuilding & Dry Dock Co. v. Garrett, 6 F.3d 1547, 1558 (Fed.Cir.1993))).
That “remand” and “referral” do not share a common meaning further supports the Veterans Court’s interpretation. The Veterans Court has found that remands and referrals address “distinct concepts,” with Board remands “appropriate whe[n] proper evidentiary development has not been completed” and referrals “appropriate when [a] newly raised claim is not in administrative appellate status.” Locklear v. Shinseki 24 Vet.App. 311, 316 n. 3 (2011) (citation omitted). Moreover, a Board referral does not afford the same protections as a remand because, unlike a remand, the Board need not ensure VA compliance with a referral. Reyes v. Nicholson, 21 Vet.App. 370, 379 (2007) (discussing referral obligations); Stegall v. West, 11 Vet.App. 268, 271 (1998) (discussing remand obligations). These authorities confirm that the Veterans Court properly declined to find that 38 C.F.R. § 19.9 (1995) extends to referrals. J.A. 4.
Turning to Mr. Sucic’s specific arguments, he alleges that 38 C.F.R. § 19.9 (1995) applies to the Board’s 1995 referral of the PTSD claim because a 2011 amendment to the regulation reflects the VA’s “clear” intent to afford the same protections to referrals and remands, consistent with the Board’s “long-standing practice.” Appellant’s Br. 7-8 (citing 38 C.F.R. § 19.9 (2011); Board of Veterans’ Appeals: Remand or Referral for Further Action; Notification of Evidence Secured by the Board and Opportunity for Response, 76 Fed.Reg. 17,544, 17,544 (Dep’t of Veterans Affairs Mar. 30, 2011) (“2011 Notice ”) (to be codified at 38 C.F.R. pts. 19 and 20)). The sources cited do not demonstrate Veterans Court error.
With respect to 38 C.F.R. § 19.9 (2011), Mr. Sucic does not address whether the *909 VA meant for the amended regulation to apply retroactively to 1995 when the Board referred his PTSD matter. See generally Appellant’s Br. Assuming for a moment that it did, neither the amended regulation’s text nor the notice accompanying its promulgation offers support. The amended regulation defines “remand” and “referral” separately. See 38 C.F.R. § 19.9(a) (defining remand), (b) (defining referral) (2011). Notably,, the amended regulation does not extend the same protections to remands- and referrals. Id. § 19.9(a)-(b) (2011) (explaining that the Board must remand undeveloped factual issues-that are “essential for a proper appellate decision,” whereas it will refer other issues to the VA for “appropriate consideration”). Had the VA wanted to treat these distinct instructions as coterminous, it would have promulgated an overlapping regulation.
Similarly, the 2011 Notice does not support the proffered interpretation. The 2011 Notice “provide[s] guidance as to what action the Board must take when it discovers an unadjudicated claim in the record” — i.e., it refers the matter to the VA. 76 Fed.Reg. at 17,547 (emphasis added). However, the 2011 Notice does not address what action the VA must take upon receipt of a referral, nor does it mention the protections that the VA must afford to the veteran when it receives a referral. See id. Thus, the 2011 Notice does not support Mr. Sucic’s argument that 38 C.F.R. § 19.9 (1995) covers referrals.
Finally, Mr. Sucic alleges that the Veterans Court’s decision in Godfrey v. Brown, 7 Vet.App. 398 (1995), confirms that 38 C.F.R. § 19.9 (1995) “was not limited to remands.” Appellant’s Br. II.[4] In particular, Mr. Sucic contends that God-frey held that the VA must adjudicate a claim referred to it by the Board, just as the VA must when the Board remands a matter to it. Id. at 8-9. The Veterans Court did not reach that conclusion in Godfrey. Instead, it found that 38 C.F.R. § 19.182(a) (1991)[5] — the precursor to 38 C.F.R. § 19.9 (1995) — did not apply to referred claims, only remands. Godfrey, 7 Vet.App. at 409. Accordingly, the Veterans Court found that the Board properly referred the claim to the VA “without additional specific instructions.” Id. Thus, Godfrey is inapposite.
III.
It is a pleasant thing that a veteran will receive additional consideration about when his benefits should accrue. It is lamentable that the majority reaches that result at the expense of settled legal principles.

. A “pending claim” describes "[a]n application, formal or informal, which has not been finally adjudicated.” 38 C.F.R. § 3.160(c) (2012). Unless otherwise noted, I cite the 2012 version of the VA's regulations because the Board issued the decision under review in September of that year. J.A. 66, As explained below, the VA has since amended its regulations.

. "If new and material evidence is presented or secured with respect to a claim which has been disallowed, [the VA] shall reopen the claim and review the former disposition of the claim.” 38 U.S.C. § 5108.

. The VA recently amended its regulations "to require that all claims governed by VA’s adjudication regulations be filed on standard forms prescribed by the [VA], regardless of the ’type of claim or posture in which the claim arises.” See Standard Claims and Appeals Forms, 79 Fed.Reg. 57,660, 57,660 (Dep’t of Veterans Affairs Sept. 25, 2014) (to be codified at 38 C.F.R. pts. 3, 19, 20). The VA's amended regulations took effect on March 24, 2015, and the Federal Register notice does not state that the amended regulations have retroactive effect. Id. Thus, claims filed before that date remain subject to the VA’s former regulations, which contain two provisions addressing informal claims: 38 C.F.R. § 3.155(a), which concerns "original informal claimfs] and requires the informal claim [to] identify the benefit sought and indicate an intent to apply for one or more benefits,” and 38 C.F.R. § 3.157(b)(1), which is "directed to an informal claim to increase or reopen a previous compensation determination and permits a' medical report to be considered [as] an informal claim when the report relates to a disability for which service connection has previously been established." MacPhee v. Nicholson, 459 F.3d 1323, 1325-26 (Fed.Cir.2006) (internal quotation marks, brackets, footnote, and citations omitted).

. Mr. Sucic also alleges that the Veterans Court’s "misinterpretation ... is further demonstrated by the fact that the decision in God-frey was made in'March 1995 and the Board decision which made the referral [on his PTSD matter] was made in July 1995.” Appellant’s Br. 11. The temporal proximity of the decisions reveals only that the Veterans Court and the Board decided them four months apart; it does not answer whether one controls the outcome in the other.

. The regulation at issue in Godfrey stated that
[w]hen, during the course of review, it is determined that further evidence.or clarification of the evidence or correction of a procedural defect is essential for a proper appellate decision, the section of the Board shall remand the case to the agency of original jurisdiction, specifying the further development to be undertaken.
38 C.F.R. § 19.182(a) (1991).